GREER *et al. v.* PROTECTIVE MORTGAGE COMPANY *et al.*

No. 12811.   OCTOBER 10, 1939.   REHEARING DENIED NOVEMBER 17, 1939.

*James L. & Will G. Moore,* for plaintiffs in error.

*Roy S. Drennan, King & Partridge, H. W. McLarty,* and *John P. Stewart,* contra.

ATKINSON, Presiding Justice.   In a suit for money judgments upon certain promissory notes, and for injunction and receiver and other equitable relief, seeking to subject certain realty as property of defendants to payment of the debt, a general demurrer was interposed urging specific reasons for dismissal of the action, and one special ground as follows: "Said petition fails to show any grounds for the recovery of a money judgment or decree against said B. A. Greer. It merely alleges that he is indebted to the plaintiff in certain sums, without showing how or why he is indebted to them. It fails to plainly, fully, and distinctly set forth any cause of action as required by law." At the hearing October 22, during the September term, the judge entered the following judgment:

"Upon consideration of the demurrer filed by the defendants to plaintiffs' petition, the same is hereby sustained in the following particulars, to wit:

"1. All allegations regarding the judgment for alimony and the prayers with reference thereto are stricken, the representative of the estate of the deceased not having been made a party to this suit.

"2. The plaintiff is required to amend by setting out copies of the notes sued upon and describing with particularity any other item of alleged indebtedness.

"3. The prayer for the appointment of a receivership is stricken and the order for a temporary receiver is revoked. The temporary restraining order heretofore granted is likewise revoked.

"4. The plaintiff is allowed 20 days in which to amend as herein required, in default of which the case will stand as dismissed."

The twenty days so allowed extended into the November term. No amendment was offered within the twenty days so allowed. But within such time and successive times the judge by appropriate orders extended the time for amending the petition, and during the time of the last order the plaintiff filed an amendment, which was approved by the court, subject to demurrer, setting forth copies of the notes sued upon. The defendants made a motion to vacate the several orders issued subsequently to the said order of October 22, extending the plaintiffs' time within which to amend, on the grounds that the judgment on demurrer became final by failure to amend within the twenty days first allowed, and that the subsequent orders extending the time for amendment, and especially the order granted after the said September term, came too late, and consequently were not within the power or jurisdiction of the judge. The defendants moved also to strike the amendment to the petition, on the grounds (a) that the judge was without jurisdiction to allow it, and (b) that it did not comply with the terms of the judgment requiring amendment. The judge overruled this motion, and the defendants excepted. *Held:*

1. The language sustaining the demurrer "in the following particulars" did not purport to sustain the demurrer in its entirety.

2. Paragraphs 2 and 4 of the order required amendment by setting out copies of the notes sued on, in default of which the case should stand as dismissed.

3. These portions of the judgment became the law of the case irrespective of terms of the court, and preserved jurisdiction of the judge, not alone to pass on any amendment that should be offered, but also to allow reasonable additional time during the life of successive orders allowing time in which to amend. In this connection see *Blyth* v. *White,* 178 *Ga.* 488 (173 S. E. 421), and cit. The time allowed by the orders in the instant case does not appear to have been unreasonable.

4. The amendment to the petition complied with the requirements of paragraph 2 of the judgment, and its allowance after the term at which the judgment was rendered was within the jurisdiction of the judge.

5. The judge did not err in overruling the motion of the defendants.    *Judgment affirmed.   All the Justices concur.*