31819. TRAVELERS INSURANCE COMPANY *et al.* v. BAILEY.

Decided February 18, 1948.   Rehearing denied March 26, 1948.

*Neely, Marshall & Greene,* for plaintiffs in error.
*Carlisle Cobb,* contra.

GARDNER, J. (After stating the foregoing facts.) ■ If the statements which were taken from the claimant at the hospital, the first two days after he was injured, and the second at the Piedmont Hospital in Atlanta some two weeks after he was injured, were introduced for the purpose of impeaching the testimony of the claimant, such statements, as a matter of law, cannot have this effect. Section 38-1803 of the Code provides in part as follows: "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case." An examination of the statements introduced in evidence in this case as having been made by the claimant previous to the time he testified in his own behalf at the hearing discloses in substance that, as to the first statement, he said that he did not remember why he walked out of the building on the occasion of his injury; he said that it may have been to go across to the filling station out by the mill fence to get a coca-cola. In the statement he later made at the Piedmont Hospital in Atlanta he said that he was planning to meet his wife as she was coming to work at the same mill at 2 p. m., and that he went outside the mill at the time and on the occasion of his injury to meet his wife. At the hearing, the claimant testified that, having finished the job he was on and being ready to begin another, he went outside the mill at the time and on the occasion of his injury looking for Mr. Farmer, the master mechanic of the employer, who usually gave him his instructions, to see what was the next job to be required of him; that he also went outside to see about some windows in the winder room; that the most direct route to it would have been through the mill and not outside as

he went; and that he also went outside on the occasion in question to see his wife. An examination of the prior statements and of his testimony discloses that there is no conflict about any matter relevant to his testimony and to the case. It is true that in his second statement he said that he was going outside to meet his wife, which was in keeping with his usual practice since both of them worked at the mill and she came on at the 2 o'clock shift. The record is silent as to when he gets off, but it was probably not at 2 o'clock. Being a general repair man he probably did not work in accordance with the shift hours. However, he did not say in this statement that that was his sole mission. In his subsequent testimony he gave that as one of his missions. His other mission was in accordance with his duty in the service of his employer as contemplated by the contract of employment. Therefore it necessarily follows that this statement does not contradict his subsequent testimony as to any matters relevant to his testimony and to the case. In his first statement, taken only two days after his injury and while in the hospital at Commerce, he said that he did not remember why he went outside. Being at that time, no doubt, in great pain, it is perfectly reasonable and logical that he did not remember. That he did not remember then and did remember at the time of his testimony is no contradiction of his testimony. While a witness may be impeached by the introduction of contradictory statements previously made by him as to matters relevant to his testimony and to the case (see Code § 38-1803), and when such contradictory statements are established as having been made by such witness, it then becomes a question for the jury as to whether or not such witness has been successfully impeached so as to authorize the jury to disregard his testimony (see *Huff* v. *State*, 104 *Ga.* 521 (2)), if such contradiction is not on matters relevant to his testimony and to the case, or if, indeed, such prior statement fails to amount to a contradiction at all, the question of whether or not he has been successfully impeached is not then one of fact for the jury, but one of law for the court. In such latter case, the fact-finding tribunal cannot disregard his testimony (see *Hudgins* v. *Bloodworth & Co.*, 109 *Ga.* 197 (1)); and when facts sufficient to support an issue have thus been testified to, such issue has prima facie been established. See *Republic Truck Sales Corp.* v.

*Padgett,* 30 *Ga. App.* 474 (12). Insofar as the prior statements may be relied upon as probative evidence, as distinguished from their admission for impeachment purposes, the part of the second statement of the claimant, to the effect that he went outside the mill to meet his wife, fails to amount to such admission against interest as to bar recovery, for the reasons set forth in the second headnote and that division of this decision.

■ The testimony of the claimant at the hearing revealed that, in going outside the mill building at the time and on the occasion of his injury, he had two objectives: one was the personal objective of meeting his wife; the other was service as intended by the contract of employment. There is no requirement in our law that the employee at the time of the injury must have no objective other than the service of the employer. It is sufficient if the injury is occasioned by an accident arising out of and in the course of the employment. Accordingly, notwithstanding the mere fact that the mission may have two objectives, service as intended by the contract of employment, and also some personal objective of the employee, an injury sustained by an employee under such circumstances is an injury arising out of and in the course of the employment and is compensable. See *Hartford Accident & Indemnity Corp.* v. *Welker,* 75 *Ga. App.* 594.

■ Only such sufficient portion of the evidence shown by the record in this case is set forth in the statement of facts herein as is material to a clear understanding of the case and particularly that part about which contentions are made. We quote from the judgment of the trial court as follows: "It is thereupon considered, ordered and adjudged that the above-stated case be and the same is recommitted to the Workmen's Compensation Board of this State with directions to determine from the evidence before it in the record already made the amount of the award to be made to said claimant." The evidence in the record is sufficient for these directions to be carried out by the board. When, upon consideration of all the evidence, it appears that there is no controversy therein on the material issues essential to establish the right of the claimant to recover, and no implications and inferences which can logically and properly arise from the evidence against such recovery, a finding of fact by the board for the claimant is demanded as a matter of law.

The evidence in this case demands as a matter of law an award in favor of the claimant, and the judgment of the trial court so holding is without error.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*