34943. AYERS *v.* GULF LIFE INSURANCE COMPANY.

DECIDED FEBRUARY 26, 1954—REHEARING DENIED MARCH 19, 1954.

*William L. Hailey,* for plaintiff in error.
*Stonewall H. Dyer, Joseph D. Tindall,* contra.

NICHOLS, J. The question of fact upon the hearing of this claim for workmen's compensation was whether or not the claimant, an insurance sales and collection agent, was injured by an accident arising out of and in the course of his employment. There was evidence that Ayers, the claimant, left his home at Hartwell on a Saturday night at the invitation of his friend, Holcomb, and in Holcomb's car; went to Augusta and spent the night there; went to Mansfield the next morning to watch an all-day exhibition of game-cock fighting, and was injured in an automobile collision while returning to Hartwell by way of Union Point on Sunday night. Although the claimant and Holcomb testified that they discussed insurance at some times while they

traveled, it also appeared that the claimant was interested in cock fighting and had previously gone on several other week-end trips to cock fights with Holcomb; that they carried game cocks to Holcomb's friends in Augusta and picked up some young game chickens at Union Point on the return trip; and that the claimant was helping Holcomb and did not show Holcomb his insurance books or quote him any rates. The claimant's testimony was evasive with respect to his knowledge of Holcomb's activities and residence, but the facts as stated were not disputed.

"If in performance of an act which he was directly employed to do, or an act reasonably necessary to be done in order to perform the act he was employed to do, the employee receives accidental injury, such injury is compensable. If the act does not come within either of these classifications, the injury is not compensable. Therefore whether an act comes within either classification is a question which involves the terms of the particular contract of employment." *U. S. Fidelity &c. Co.* v. *Skinner,* 188 *Ga.* 823, 829 (5 S. E. 2d 9). The claimant here failed to show that the duties of his employment specifically included a week-end trip with a prospective customer, or that the trip made was reasonably necessary to sell insurance. Thus the claimant's injury does not appear "to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence." *Globe Indemnity Co.* v. *MacKendree,* 39 *Ga. App.* 58 (146 S. E. 46); s.c., affirmed, 169 *Ga.* 510 (150 S. E. 849).

We recognize that an injury may be compensable where the employee is on a mission with two objectives, one personal and the other connected his employment, as was held in *Travelers Insurance Co.* v. *Bailey,* 76 *Ga. App.* 698 (2) (47 S. E. 2d 103), cited by the plaintiff in error, but this rule is qualified by the requirement that the trip must have a direct, immediate, and substantial business objective. *Hartford Accident &c. Co.* v. *Welker,* 75 *Ga. App.* 594 (2b) (44 S. E. 2d 160). Such a question is for determination by the trior of the facts. The board was authorized to conclude from the evidence in this case that the trip did not have a direct, immediate, and substantial business objective; that the claimant went to follow the sport of

cockfighting rather than to sell insurance; and that selling insurance was only incidental to the main objective of the trip. The hearing director and the Workmen's Compensation Board were authorized to find, as they did, that the claimant's injury did not arise out of and in the course of his employment. Accordingly, the judgment of the superior court excepted to, affirming the board's refusal to award compensation to the claimant, was not error.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*