21765. CONSUMERS FINANCING CORPORATION v. LAMB, Administratrix, et al.

ARGUED SEPTEMBER 11, 1962—DECIDED OCTOBER 1, 1962.

*Homer S. Durden, Jr.,* for plaintiff in error.

*Spivey & Carlton,* contra.

DUCKWORTH, Chief Justice. In ruling upon the special demurrers on the former appearance (*Consumers Financing Corp. v.*

*Lamb,* 217 Ga. 359, 122 SE2d 101), this court ruled and thereby fixed the law of the case to the effect that acceptance of the conditional-sale contract with the knowledge that a stated amount was for the premium on the credit life insurance, receipt and retention of a number of the payments on the premium and note thus fixed, estopped the Consumers Financing Corporation from now attacking the oral portion of the contract or to contend that it conflicted with the writing. As applied to the case when summary judgment was entered, that ruling precluded Consumers from denying that it was as a matter of law bound by the terms, including the verbal part of the contract. Also, this defendant admitted receipt and retention of a number of payments by Lamb on the note and the premium for the insurance, and its failure to notify him that it had not and could not get the insurance, thus admitting a breach of the contract and thereby rendering further proof of such breach unnecessary.

Thus summary judgment would be in order, but it is contended by this defendant that the admitted breach resulted in no damage to the buyer since his physical condition was such that no company would give him insurance. This contention would raise an issue of fact if the defendant is permitted to make it. Plaintiff's reply to this contention is that the defendant is estopped to make it because of the following facts: Mr. Lamb was never notified during his life that no insurance could be obtained. (The pleadings admit this.) He was led to believe that it had been obtained by the conduct of the defendants in repeatedly accepting his payments on the premium therefor without advising him that the insurance could not be obtained (the pleadings admit acceptance of the payments and the failure to notify him that the insurance could not be obtained), and thereby enable him to secure it elsewhere; that now after his death which renders it impossible to undertake to get insurance elsewhere, this defendant, because of its laches in not notifying him while he could make the effort to get it elsewhere, can not in equity and good conscience take advantage of the changed condition which renders the plaintiff unable to do what could have been done had the defendant promptly notified him and questioned his ability while in life to secure the insurance. Since

the above facts are true this issue is thus barred by law. *Code* §§ 37-119, 38-116; *Miller v. Everett,* 192 Ga. 26, 34 (14 SE2d 449); *Hadaway v. Hadaway,* 192 Ga. 265, 270 (14 SE2d 874); *Manry v. Manry,* 196 Ga. 365, 366 (4) (26 SE2d 706).

Hence, with this issue barred by law, no issue of material fact remains in the case and summary judgment was properly entered. *Code Ann.* § 110-1203 (Ga. L. 1959, p. 234).

*Judgment affirmed. All the Justices concur.*