40474.   POPE et al. v. LEDBETTER et al.

DECIDED JANUARY 22, 1964.

*O'Kelley, Hopkins & Van Gerpen, William C. O'Kelley,* for plaintiffs in error.

*John K. Calhoun,* contra.

EBERHARDT, Judge. ∎ Initially we consider whether the demurrers raising the statute of limitation (*Code* §§ 3-1002, 3-1003) should have been sustained. It is well settled that demurrers raising this issue are good only if the petition shows on its face that the statute has run. Georgia Procedure & Practice 785, § 29-23 (1).

Measured by this yardstick, how stands the petition? Count 2 alleges specifically that the first time plaintiffs saw the writing which defendant allegedly misrepresented as a valid insurance binder was "about June 12, 1958." It is also alleged that plaintiffs requested defendants to send the binder to them immediately after the claim was denied in January, 1958, but that defendants did not and "had no intention of mailing petitioners a copy of said alleged binder." It is further alleged that, despite plaintiffs' requests, defendants intentionally withheld the binder until June, 1958. The latter date is within the four year statutory period of limitation and the action on count 2 is not barred.

Count 1 presents a slightly different situation. There no dates are alleged as to any event between the denial of the claim (January, 1958) and the adverse judgment in Federal court (February, 1960). Therefore, we conclude that the necessary dates not appearing on the face of the petition, it does not show the action to be barred. A defendant is not without remedy in this situation, as any relevant date can be elicited by special demurrer. *Warren v. Powell*, 122 Ga. 4 (49 SE 730). Then, if the bar of the statute applies, the material amendment to the petition opens it to demurrer on that ground, or a plea of the statute of limitation may be filed.

■ As to the general grounds of the demurrers, the petition alleges sufficiently the necessary elements of fraud and deceit. As we view it, the misrepresentations as to the issuance of a binder were misrepresentations of *fact* until the plaintiffs received a copy. Only then could they evaluate the effectiveness of the "binder," this being a question of *law*. The facts here are quite similar to those presented in *Clark v. Kelly*, 217 Ga. 449 (122 SE2d 731), in which it was held that the petition stated a cause of action for fraud and deceit. Assuming the validity of the defendants' contention that an insurance binder must have been in writing in 1957, the misrepresentation alleged is that the binder had been in fact issued when it had not, and not that an oral binder was made.

All of the general demurrers were properly overruled.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*