## 23624.   BEITER v. DECATUR FEDERAL SAVINGS & LOAN ASSOCIATION.

CANDLER, Presiding Justice.   Lillian S. Beiter filed a petition in the Superior Court of DeKalb County against Decatur Federal Savings & Loan Association for damages, cancellation of a note and security deed and other related relief, which in substance alleges: She had borrowed money from the defendant and its predecessor (DeKalb Building & Loan Association) on several different occasions since 1938.   It was the custom and practice of the defendant and its predecessor, as agent of those to whom they made loans, to purchase term life insurance on the lives of its borrowers or on the lives of those interested in the loans, such insurance serving as additional security for its loans; to collect the premiums due on such policies from the insured; to remit such premiums to the insurers and, in the event of the death of the insured while the loan was outstanding, to collect the insurance and apply the proceeds thereof to the payment of the loan and to cancel any deed given as security therefor.   On January 9, 1951, petitioner borrowed from the defendant $8,250 and as security therefor conveyed to it certain realty owned by her.   The defendant, acting as agent for her, purchased a policy of term life insurance from Security Life & Trust Company on the life of Theodore W. Beiter, her husband, which named the defendant as beneficiary.   The policy was obtained for the purpose of better securing payment of the loan she had obtained from the defendant.   On November 6, 1959, she renewed the balance due on her note and borrowed additional funds from the defendant and gave it a new note for $6,300. She likewise secured the payment of the new note with a security deed to her realty.   The policy of term life insurance which the defendant had purchased for her in 1951 on the life of Theodore W. Beiter, her husband, was continued of force and she paid the premiums thereon to the defendant as they matured.   On June 28, 1962, Security Life & Trust Company, by letter, notified Theodore W. Beiter, the insured, that his policy of term life insurance would expire on June 30, 1962.   On and after receipt of this note, petitioner, because of past dealings with and a previous course of conduct between the defendant and herself, assumed that defendant would, in keeping with its long-established custom, seek to have the policy on the life of her husband renewed, or obtain

a new policy, and the defendant, following the expiration date of the policy monthly billed her for premiums due on such a policy which she promptly paid. Petitioner, after June 30, 1962, and during the life of Theodore W. Beiter, her husband, asked defendant why she was being billed for insurance premiums and was advised, by letter, from B. H. Mabry, vice-president of the defendant, that they were for "mortgage insurance on her loan." Thereafter and until the death of her husband, Theodore W. Beiter, on November 4, 1963, the defendant continued to bill her monthly for premiums due on a term life insurance policy which she paid and which the defendant accepted and still retains. The petition further alleges that petitioner relied on the assurance made to her by the defendant's duly authorized agent that her loan was covered by term life insurance which the defendant had obtained for her; that she acted upon such information until the death of her husband and regularly paid to the defendant the premiums for which it billed her, premiums which it accepted and retained. The petition further alleges that the defendant, after the death of her husband, informed her that it had not obtained life insurance on her loan and that no policy of insurance covering the loan existed. The petition also alleges that there was a balance of $4,778.85 due on her loan when her husband died; that defendant, because of its failure to obtain insurance on her loan and because of the fraudulent misrepresentation to her that it had obtained such insurance, has damaged her to the extent of the amount due on her loan at the time of her husband's death, an amount for which she sues and prays judgment. In addition to other relief prayed for, the petition prays for a decree canceling the note and security deed which she gave the defendant and which the defendant presently holds. The petition was demurred to generally on the ground that it failed to state a cause of action for any of the relief sought. The demurrer was sustained on April 26, 1966, with leave to amend within 30 days. No amendment was offered to the petition, and petitioner on June 14, 1966, appealed from the judgment on the demurrer. *Held:*

1. A motion has been made in this court to dismiss the appeal on the ground that it was not filed within the time allowed by law. This motion cannot be sustained. The appeal is from a judgment sustaining a general demurrer to the peti-

tion with leave to amend in 30 days and such judgment did not become final until the time allowed for amendment expired. *Lovelace v. Browne*, 126 Ga. 802 (2) (55 SE 1041); *Wells v. Butler's Builders Supply Co.*, 128 Ga. 37 (2, 3) (57 SE 55); *Clark v. Ganson*, 144 Ga. 544 (87 SE 670); *Georgia R. & Power Co. v. Kelly*, 150 Ga. 698, 699 (105 SE 300); *Greer v. Protective Mortgage Co.*, 189 Ga. 217 (5 SE2d 751). The judgment appealed from was granted on April 26, 1966, with leave to amend the petition within 30 days. No amendment to the petition was offered and the judgment became final on May 26, 1966. The appeal was filed on June 15, 1966, which was less than 30 days from the date on which such judgment became final. The decision in *Northside Manor v. Vann*, 219 Ga. 298 (133 SE2d 32) does not require a ruling in this case different from the one here made.

2. Since a wife has an insurable interest in the life of her husband under the provisions of Georgia's 1960 Insurance Code (Ga. L. 1960, pp. 289, 657; *Code Ann.* § 56-2404), we think the petition in this case states a cause of action for damages equal to the amount due on the plaintiff's note at the time of her husband's death on November 4, 1963. The facts upon which we base this ruling are stated in the preceding statement of this case and need not be repeated here. However, they show that the defendant falsely represented to the plaintiff that it had secured for her term life insurance covering the amount due on her loan—insurance on which it regularly collected from her premiums due therefor which it still retains. There is controlling authority for the proposition that where one undertakes to procure insurance for another and is guilty of fraud or negligence in his undertaking, he is liable for loss or damage to the limit of the agreed policy. *Minter v. Ga. Piggly-Wiggly Co.*, 185 Ga. 116 (194 SE 176); *Home Building &c. Assn. v. Hester*, 213 Ga. 393 (99 SE2d 87); *Consumers Financing Corp. v. Lamb*, 217 Ga. 359 (122 SE2d 101); and *Clark v. Kelly*, 217 Ga. 449 (122 SE2d 731). The holdings in the above cited cases are especially applicable here where the defendant not only falsely represented to the plaintiff that it had procured a policy of term life insurance for her benefit but where it also collected and retained monthly premiums on such a non-existent insurance policy.

*Judgment reversed. All the Justices concur.*

Submitted September 14, 1966—Decided September 22, 1966.

*Hansell, Post, Brandon & Dorsey, W. Rhett Tanner,* for appellant.

*Walter P. McCurdy, Sr., McCurdy, Candler & Harris,* for appellee.