45039.   ANDERSON et al. v. REDWAL MUSIC COMPANY.

ARGUED FEBRUARY 2, 1970—DECIDED JUNE 17, 1970—
REHEARING DENIED JULY 24, 1970.

*Martin, Snow, Grant & Napier, Cubbedge Snow,* for appellants.
*Billy L. Evans,* for appellee.

QUILLIAN, Judge. In passing upon the ruling of the lower court the following often reiterated rules are applicable. On motion for summary judgment the burden of showing the absence of any genuine issue of material fact rest upon the movant. Hence, the

party opposing the motion is given the benefit of all reasonable doubts and favorable inferences that may be drawn from the proof offered. *Internat. Brotherhood v. Newman,* 116 Ga. App. 590, 592 (158 SE2d 298). Until the movant produces proof which pierces the pleadings, there is no requirement that the opposing party offer any counter proof. *Southern Bell Tel. &c. Co. v. Beaver,* 120 Ga. App. 420 (2) (170 SE2d 737).

In this case, the defendants, as movants, state that they were agents for Mutual Benefit Life Insurance Company, but do not expressly deny that they were agents for Solomon-Truesdel Insurance Agency. This being so, we can not hold that the evidence demanded a finding that they were, or were not, agents for Solomon-Truesdel Agency.

Most important, there is no evidence or pleadings which can be construed as showing conclusively that the defendants were not agents of the plaintiff. Argument is made that absent an allegation "that the insurer consented for appellants to act as agents for both parties appellants could not, as a matter of law, be the individual agents of the appellee." The "dual agency" concept is primarily designed to afford protection to the original principal (and under some circumstances to the second principal) where the agent acts for another in the same transaction. *Napier v. Adams,* 166 Ga. 403, 407 (143 SE 566). It does not, necessarily, extend to situations where one acts as agent for more than one principal in different transactions involving non-conflicting interests. *Todd v. German American Ins. Co.,* 2 Ga. App. 789, 800 (59 SE 94). While giving full recognition to the principle applicable to the "dual agency" theory, here the proof offered by the defendants, while not conclusive, tended to establish that they were not the agents of the insurance agency and the company which was to issue the policy. In any case, we find no clear proof of the existence of an undisclosed dual agency. Thus, there would be no impediment to the defendants entering an agency relation with the plaintiff. See *Ga. Ins. Service v. Wise,* 97 Ga. App. 461, 463 (103 SE2d 445).

If the defendants were occupying such relation as to the plaintiff, they would owe it a higher duty of care (*Code* §§ 37-707 and 4-203) and their statements to the plaintiff even though they were

misrepresentations of law, would be actionable. *Clinton v. State Farm &c. Ins. Co.,* 110 Ga. App. 417 (2a) (138 SE2d 687). "The law implies, as a part of the contract by which every agency arises, that the agent agrees to have and exercise towards his principal diligence, loyalty, and absolute good faith." *Render & Hammett v. Hartford Fire Ins. Co.,* 33 Ga. App. 716 (4b) (127 SE 902). See *Harrison v. Harrison,* 214 Ga. 393 (1) (105 SE2d 214).

"There is controlling authority for the proposition that where one undertakes to procure insurance for another and is guilty of fraud or negligence in his undertaking, he is liable for loss or damage to the limit of the agreed policy." *Beiter v. Decatur Federal &c. Assn.,* 222 Ga. 516 (2) (150 SE2d 687), and cases cited therein. See *Thomas v. Funkhouser,* 91 Ga. 478 (18 SE 312); 43 AmJur2d 230, Insurance §§ 174-176. "A cause of action will lie for breach of contract to procure insurance on behalf of another . . . and irrespective of contractual duty, an action in tort may be based upon a misrepresentation that insurance coverage has been effected when no policy or binder has been issued." *Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164, 165 (141 SE2d 208), and cases cited therein.

The proof offered failed to negate the plaintiff's right to recover for the defendant's failure to obtain the insurance sought. Moreover, from all that is shown by the record, we cannot hold that the misrepresentations were of law rather than of fact. According to the affidavit submitted by the plaintiff, it was represented to the plaintiff that insurance coverage had been obtained and that complete coverage was effective immediately. The application attached as an exhibit contained the following language: "this insurance effective upon payment and acceptance by this company." The defendants' statement that they had obtained coverage would not be expressing an opinion as to the legal effect of the policy. Instead, such statement was a representation as to the fact of existence of the policy. *Pope v. Ledbetter,* 108 Ga. App. 869, 871 (134 SE2d 873). See *Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164, 65, supra. The language used in the application would not militate against this proposition since the representations can be construed to mean that the insurance company had given its acceptance as stated in the application and therefore, upon payment being ten-

dered, all had been accomplished necessary to the creation of a valid policy within the terms of the application.

For all of the foregoing reasons, the trial judge properly denied the motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Whitman, J., convur.*