## 59185. ROSSVILLE FEDERAL SAVINGS & LOAN ASSOCIATION v. PHILLIPS.

SHULMAN, Judge.

Appellee (who, together with her husband, secured a consolidation loan from appellant-savings and loan association) instituted legal proceedings seeking to recover damages allegedly attributable to the association's breach of a promise to procure a joint credit life insurance policy in connection with the consolidation loan. A jury returned a verdict in favor of appellee in an amount equal to the balance outstanding on appellee's loan as of the date of appellee's husband's death. On appeal from a judgment entered on that verdict, we affirm.

In its sole enumeration of error, appellant asserts that the trial court erred in denying its motion for directed verdict. We disagree.

As framed by the pleadings and developed by the evidence, appellee's action represented a claim against appellant based on

appellant's failure to fulfill its promise to procure the papers necessary to obtain a joint credit life insurance policy in connection with the consolidation loan. In support of this claim, appellee testified that appellant's loan officer had asked appellee's husband whether he desired joint credit life insurance at a stated monthly premium; that her husband replied in the affirmative; that these parties signed a paper indicating this desire; that the loan officer informed appellee and her husband that he would prepare all papers which would be necessary; and that appellee had paid a premium for property insurance, which premium appellee understood to represent the aggregate amount for insurance on the property (including credit life insurance).

Notwithstanding appellant's evidence that no promise to procure joint credit life insurance had been made to appellee or her husband and that the property insurance premium paid by appellant represented a pro rata amount for a homeowner's insurance escrow account, the jury was authorized to find in favor of appellee's contentions. See, e.g., *Bell v. Fitz,* 84 Ga. App. 220 (1,2) (66 SE2d 108); *Beiter v. Decatur Fed. &c. Assn.,* 222 Ga. 516 (2) (150 SE2d 687); *Home Bldg. &c. Assn. v. Hester,* 213 Ga. 393 (99 SE2d 87). Compare *Ga. Cas. & Surety Co. v. Hardrick,* 211 Ga. 709 (88 SE2d 394) (cited by appellant) involving an action seeking specific performance of an insurance contract with no claim involving breach of a duty to procure insurance.

There being evidence to authorize the presentation of appellee's claim to the jury, the trial court properly denied appellant's motion for directed verdict. Compare *Spurlock v. Commercial Banking Co.,* 151 Ga. App. 649 (260 SE2d 912).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JANUARY 8, 1980 — DECIDED APRIL 28, 1980.

*Frank M. Gleason,* for appellant.
*Harold H. Gearinger,* for appellee.