62121. YOUNG v. CARROLLTON FEDERAL SAVINGS & LOAN ASSOCIATION et al.

SOGNIER, Judge.
Young, as executor of the estate of Margaret Goldsmith, filed a claim on a policy of credit life insurance issued by appellee, United Family Life Insurance Company (United Family), and purchased pursuant to a mortgage given by Margaret Goldsmith and Charles Goldsmith to appellee, Carrollton Federal Savings and Loan Association (Carrollton Federal). United Family refused to pay the claim because the policy was written in the name of Charles Goldsmith only and did not cover Margaret Goldsmith. Young sued the insurance company for failure to pay the claim; he also sued Carrollton Federal for negligence in failing to procure credit life insurance on Margaret Goldsmith. The trial court granted appellees' motions for summary judgment and Young appeals.

Charles and Margaret Goldsmith executed a deed to secure debt in favor of Carrollton Federal in April 1968 to secure a debt in the amount of $23,700. At the same time the Goldsmiths purchased a

policy of decreasing term credit life insurance from United Family. Carrollton Federal deducted $10.34 from the Goldsmiths' monthly payment on the indebtedness for payment of the insurance premium.

In January 1977 Charles and Margaret Goldsmith were divorced, and pursuant to the divorce decree, Charles conveyed the property subject to the aforementioned deed to secure debt to Margaret. In January 1976 Mrs. Goldsmith was found to be suffering from cancer and died from this disease in April 1978. Charles Young, as executor of Mrs. Goldsmith's estate, filed a claim on the insurance policy on the basis that the policy was to have been transferred to Mrs. Goldsmith's name following the conveyance of the property to her. However, the policy of insurance was never issued in her name and remained in the name of Charles Goldsmith.

1. Appellant contends that the trial court erred by granting summary judgment in favor of United Family. We do not agree. It is undisputed that no credit life insurance policy was ever applied for, or issued, in the name of Margaret Goldsmith; nor had the policy issued in the name of Charles Goldsmith been assigned or transferred to Mrs. Goldsmith. Thus, there was no life insurance policy on which United Family was liable to pay in the event of Mrs. Goldsmith's death. Summary judgment in favor of the insurance company was correct.

2. Appellant also contends that summary judgment in favor of Carrollton Federal was error because questions of fact remain with regard to Carrollton Federal's negligence in failing to procure credit life insurance for Mrs. Goldsmith.

Young testified by affidavit that he personally contacted Carrollton Federal in March of 1978, prior to Mrs. Goldsmith's death, and again in May of 1978 after her death and was assured by a representative of Carrollton Federal that Mrs. Goldsmith was insured. Carrollton Federal denies that the March 1978 conversation took place. However, on deposition a vice-president of Carrollton Federal testified that he had spoken with Margaret Goldsmith in October 1977, and that she had told him that the property had been conveyed to her pursuant to a divorce, and that he had informed her that she should adjust her hazard insurance policy to reflect the change. Carrollton Federal admitted talking to her about credit life insurance at that time and admitted that "[i]f there is a credit life [insurance policy], we do everything we can to get it in place, also."

The evidence also disclosed that the account was changed to Mrs. Goldsmith's name; that she made payments on the account; and that $10.34 was deducted monthly for credit life insurance. In May 1978 Carrollton Federal advised Young that there was credit life insurance coverage on Mrs. Goldsmith and that a form would be sent

so he could file a claim. Carrollton Federal admitted that it did not notify Mrs. Goldsmith that she would be required to fill out a new application for credit life insurance, but denied that Mrs. Goldsmith requested the insurance.

Where one undertakes to procure insurance for another and is guilty of negligence in his undertaking, he is liable for loss or damage to the limit of the agreed policy. *Beiter v. Decatur Fed. &c. Assn.,* 222 Ga. 516 (150 SE2d 687) (1977); *Beavers Ins. Agency v. Roland,* 135 Ga. App. 263 (217 SE2d 484) (1975). An action in tort may be based upon a misrepresentation that insurance coverage has been effected when no policy or binder has been issued. *Anderson v. Redwal Music Co.,* 122 Ga. App. 247, 251 (176 SE2d 645) (1970). The foregoing is especially true where monthly premiums have been collected and retained on an insurance policy found not to have existed. *Beiter,* supra, p. 518.

It is undisputed that Carrollton Federal took applications for credit life insurance policies from customers to whom it loaned money. Construing the evidence most strongly against the movant, as we must do on summary judgment, we find that questions of fact remain with regard to Carrollton Federal's alleged negligence by its failure to procure credit life insurance for Mrs. Goldsmith. Carrollton Federal contends that since Mrs. Goldsmith was uninsurable because she was suffering from cancer, no damage could result from any failure on its part to obtain credit life insurance on her behalf. Such a contention on the part of Carrollton Federal raises an issue of fact. The testimony by affidavit submitted by the insurance expert regarding Mrs. Goldsmith's health is evidence which strongly suggests Mrs. Goldsmith's uninsurability; however, such an issue should be submitted to a jury. *Consumers Financing Corp. v. Lamb,* 218 Ga. 343, 345 (127 SE2d 914) (1962). Hence, summary judgment in favor of Carrollton Federal was error.

*Judgment affirmed in part; reversed in part. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 7, 1981.

*Joseph H. Fowler,* for appellant.
*J. Eugene Beckham, Jr., J. Thomas Vance,* for appellees.