62725. HOLYOAK v. HOUSTON-GASKINS AGENCY, INC.

DEEN, Presiding Judge.

The appellant, who had several policies of insurance previously procured, contacted the defendant, an independent insurance agency, with instructions to take over his policies as they expired and give him coverage with other companies. There is a dispute as to whether a workers' compensation insurance policy was included in this group, but the appellant according to his testimony thought he had been insured by the defendant. On May 14, 1976, there was an industrial accident and appellant discovered he was not in fact insured, his original policy having expired. There were further discussions, and the appellant testified, contrary to the testimony of the defendant, (1) that the agency stated it was taking care of this coverage immediately, and (2) that when he notified them of a notice by a new assigned risk insurance company to pay direct to it he called the agency who instructed him, on the contrary, to send the check to them and they would immediately take care of it. In point of fact an employee died in an industrial accident occurring June 1, 1976, between the time of this alleged conversation and the time the policy was ultimately issued. The ensuing death claim before the Board of Workers' Compensation resulted in an award against the appellant, who then brought this negligence action against the

insurance agency. The trial by jury resulted in a mistrial. The defendant then moved for and was granted a judgment notwithstanding the mistrial, and plaintiff appeals.

We reverse. Taking the plaintiff's testimony in the light most supportive of his contentions, the question is one of jury decision. There is no doubt but that if the plaintiff's view of the evidence is accepted it might have found that his liability resulted either from negligence of the agency in failing to issue a workers' compensation policy (insurance policies in other areas of coverage were in fact issued) or that, even if it had not been instructed in the first instance to obtain this type of insurance it was so instructed on May 17 after the May 14 accident, and in fact made preliminary efforts in this direction, and that the plaintiff might have been covered had it acted with greater dispatch and had it not countermanded the new insurer's instructions to mail them the check direct. A jury might, if it believed this view of the evidence, have found the agent liable for breach of its contract to procure insurance. *Beiter v. Decatur Fed. Sav. &c. Assn.,* 222 Ga. 516 (2) (150 SE2d 687) (1966); *Johnson v. Pennington Ins. Agency,* 148 Ga. App. 147, 148 (251 SE2d 116) (1978). "An agent who negligently fails to procure insurance for his principal is liable to the principal for any resulting loss." *Wright Body Works v. Columbus Interstate Ins. Agency,* 233 Ga. 268, 270 (210 SE2d 801) (1974). The grant of the judgment notwithstanding a mistrial was error.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 26, 1981 —
REHEARING DENIED DECEMBER 2, 1981.

*Glenn Whitley,* for appellant.
*Wayne Ellerbee, W. S. Perry,* for appellee.