## 65182. CARROLLTON FEDERAL SAVINGS & LOAN ASSOCIATION v. YOUNG.

BANKE, Judge.

Carrollton Federal Savings & Loan Association (Carrollton Federal) appeals from a jury verdict and judgment in favor of the appellee Charles Young, as Executor of the Estate of Margaret N. Goldsmith. In a prior appearance of this case, we reversed a grant of summary judgment in favor of Carrollton Federal on the grounds that the evidence presented two questions of fact for jury resolution: (1) Whether Carrollton Federal was negligent in its failure to procure mortgage life insurance on behalf of Mrs. Goldsmith; and (2) whether Mrs. Goldsmith's health was such as to render her uninsurable, so that no damage could result from any failure to procure such insurance. *Young v. Carrollton Fed. &c. Assn.,* 159 Ga. App. 836 (285 SE2d 264) (1981). A complete statement of facts is set forth therein.

1. Carrollton Federal contends that the evidence did not support the verdict reached by the jury. Mrs. Goldsmith's mother testified that she heard Mrs. Goldsmith telephone to notify Carrollton Federal that pursuant to a divorce order, the house securing the note had been conveyed to her and that henceforth she would make all payments. Mrs. Goldsmith requested that all documents be transferred from the name of her former husband to her own and that the mortgage insurance on his life be changed to cover hers. Executor Young, who was Mrs. Goldsmith's personal representative and attorney before her death, testified that he subsequently called Carrollton Federal to make sure that all documents were correctly transferred and that the mortgage life insurance was in effect on Mrs. Goldsmith's life, and he stated that he was told that it was. Carrollton Federal denied that Mrs. Goldsmith had requested mortgage life insurance in her own name rather than her former husband's or that Mr. Young had been told by any of its employees that such insurance was in fact in effect. However, it did

admit changing the house note to Mrs. Goldsmith's name and collecting the payments and premiums for the insurance covering the amount due on the loan.

The jury was authorized to find from this evidence, as they did, that Carrollton Federal agreed to undertake to procure mortgage life insurance as requested by Mrs. Goldsmith. "[W]here one undertakes to procure insurance for another and is guilty of fraud or negligence in his undertaking, he is liable for loss or damage to the limit of the agreed policy. [Cits.]" *Beiter v. Decatur Fed. &c. Assn.,* 222 Ga. 516, 518 (2) (150 SE2d 687) (1966). Accord *Holyoak v. Houston-Gaskins Agency,* 160 Ga. App. 565 (287 SE2d 572) (1981); *Speir Ins. Agency v. Lee,* 158 Ga. App. 512 (1) (281 SE2d 279) (1981); *Rossville Fed. &c. Assn. v. Phillips,* 154 Ga. App. 410 (268 SE2d 748) (1980).

2. Appellant asserts that Mrs. Goldsmith was uninsurable due to her physical condition at the time of her alleged request and that consequently no damage resulted from its failure to procure mortgage life insurance in her name. However, even though Carrollton Federal might have refused to provide mortgage life insurance for her because of her physical condition, its own expert witness testified that other types of coverage may have been available to her. Furthermore, if the jury found that Mrs. Goldsmith was led to believe by the conduct of Carrollton Federal in repeatedly accepting her premium payments that she was in fact insured and that she need not seek such coverage elsewhere, Carrollton Federal would be estopped from raising her lack of insurability as a defense. See *Consumers Fin. Corp. v. Lamb,* 218 Ga. 343, 345 (127 SE2d 914) (1962).

3. Appellee Young's testimony concerning his telephone call to Carrollton Federal to confirm that the insurance coverage had been transferred to Mrs. Goldsmith was not inadmissible hearsay evidence. "Communications by telephone are admissible in evidence when the identity of the person against whom the conversation is sought to be admitted is established by circumstantial evidence as well as by direct evidence. [Cits.]" *Dowdle v. West Lumber Co.,* 79 Ga. App. 663, 666 (1) (54 SE2d 682) (1949). Young testified that he called Carrollton Federal's listed telephone number and was answered by a young woman saying "Carrollton Federal." This employee left the phone to check Mrs. Goldsmith's account records and on her return told Young that mortgage life insurance was in effect on Mrs. Goldsmith. While this person was not identified by name, she was sufficiently identified as a representative of Carrollton Federal having apparent authority to discuss the matter with Young so as to establish the authenticity of the statement. *Lacy v. City of Atlanta,* 110 Ga. App. 814 (4) (140 SE2d 144) (1964). "Under the

circumstances here shown we think the testimony was admissible as original evidence to explain conduct in respect to material issues in the case, and it is thus outside the hearsay rule. [Cits.]" *Thruway Svc. City v. Townsend,* 116 Ga. App. 379, 381 (3) (157 SE2d 564) (1967). Accord *Allstate Ins. Co. v. Reynolds,* 138 Ga. App. 582 (5) (227 SE2d 77) (1976).

4. Nor do we agree that the testimony of Mrs. Goldsmith's mother as to Mrs. Goldsmith's telephone conversation with Carrollton Federal's officer was inadmissible hearsay evidence. Under former Code § 38-302 (OCGA § 24-3-2), "testimony elicited to establish the fact that something was said, not the veracity of its content, is admissible . . . not as hearsay, but as original evidence." *Edgeworth v. Edgeworth,* 239 Ga. 811, 812 (239 SE2d 16) (1977). Since this testimony was offered to establish the fact that Mrs. Goldsmith made a phone call requesting mortgage life insurance, its value rests solely on the credit of the witness, not on the veracity and competency of Mrs. Goldsmith. See OCGA § 24-3-1 (Code Ann. § 38-301). See also *Holiday Homes v. Bragg,* 132 Ga. App. 594 (2) (208 SE2d 608) (1974); *Blanton v. Marchbanks,* 139 Ga. App. 158 (3) (228 SE2d 285) (1976). We find no grounds for reversal for any reason assigned.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 4, 1983 —
REHEARING DENIED JANUARY 31, 1983 —

*J. Thomas Vance,* for appellant.
*Joseph H. Fowler,* for appellee.