69734. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. HILL et al.
(331 SE2d 12)

SOGNIER, Judge.

Georgia Farm Bureau Mutual Insurance Company (GFB) filed a complaint seeking a declaration of its obligation to afford coverage and a defense to Jacqueline Reid in a personal injury action brought against Reid, Frank Gordon and Four-W Farms by Horace and Kathy Hill. Based on the verdict returned by the jury, the trial court declared that GFB was obligated to defend and provide coverage to Reid in the personal injury action. GFB appeals.

The GFB policy in question provided liability insurance for vehicles owned by Gordon and Four-W Farms when driven by an "insured," which the policy defined as including "the named insured

and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile [truck] . . . provided the actual use of the automobile [truck] is by the named insured [Gordon] or such spouse or with the permission of either." An accident occurred when a truck owned by Gordon and operated by Reid collided with the Hill's car. The jury found against GFB on its claim that Reid was not operating the truck with Gordon's permission at the time of the accident.

1. Appellant contends the trial court erred by failing to direct a verdict in its favor. "Only where there is no conflict and a verdict is demanded as a matter of law is it error for the trial court to fail to direct a verdict." *Weatherspoon v. K-Mart Enterprises*, 149 Ga. App. 424, 427 (3) (254 SE2d 418) (1979); OCGA § 9-11-50 (a).

Appellant argues that all the evidence supporting the jury's verdict was inadmissible. We disagree. Appellant's argument that testimony by various witnesses regarding their knowledge of the existence of a relationship between Reid and Gordon was irrelevant and immaterial is without merit because this evidence tended to elucidate or shed light upon the issue of whether Gordon had given Reid permission to use the truck. See *Kelly v. Floor Bazaar*, 153 Ga. App. 163, 165 (264 SE2d 697) (1980). Next, testimony by witnesses relating Reid's part of a telephone conversation with Gordon in which Reid requested permission to use Gordon's truck and then stated "So they [the keys] will be in the ashtray" was offered to establish the fact of the words used by Reid in the conversation, and rests for its validity solely on the credibility of the testifying witnesses rather than the veracity or competency of Reid. Therefore this evidence was not hearsay and was admissible. *Carrollton Fed. Savings &c. Assn. v. Young*, 165 Ga. App. 262, 264 (4) (299 SE2d 395) (1983); see OCGA § 24-3-2.

Finally, Reid's prior recorded statement contradicting her testimony at trial regarding permission to use the truck and her relationship with Gordon was admissible for impeachment. OCGA § 24-9-83; *Travelers Ins. Co. v. Bailey*, 76 Ga. App. 698 (47 SE2d 103) (1948).

The evidence on the issue of Reid's permission to use the truck was in conflict and there was more than sufficient evidence presented from which a jury could reasonably conclude that permission existed. Therefore, the trial court did not err by refusing to grant appellant's motion for directed verdict. OCGA § 9-11-50 (a); *Macon Telegraph Pub. Co. v. Elliott*, 165 Ga. App. 719, 722 (2) (302 SE2d 692) (1983).

2. Appellant contends the trial court erred in its instructions to the jury regarding the prior inconsistent statement of Reid and the issue of conspiracy. We find no error in the trial court's instruction to the jury that Reid's prior statement could be considered as substantive evidence. See *Jackson v. Ensley*, 168 Ga. App. 822, 827-828 (1) (310 SE2d 707) (1983).

We also find no error in the trial court's charge on conspiracy. " 'Civil conspiracy is an act which is by its very nature covert and clandestine, and usually not susceptible of proof by direct evidence. Concert of action, amounting to conspiracy, may be shown by circumstantial as well as direct evidence. [Cits.]' [Cit.]. It is not necessary to prove an express agreement or compact among the wrongdoers; their common design may be inferred from the nature of the acts done, the relation between them, their mutual interests in the matter, and other circumstances. [Cits.]." *Prescott v. Carithers,* 158 Ga. App. 366, 367 (1) (280 SE2d 361) (1981).

Conflicting evidence was presented on the issue of conspiracy. In her prior statement Reid testified that she had agreed to Gordon's request that she lie about having permission to use Gordon's truck, Gordon expressing concern about a potential personal injury suit against him. There was also testimony regarding appellant's agent's intentional failure to properly investigate the Hill claim because of his friendship with Gordon and his concern for job security as Gordon was on the board of directors of a local chapter of appellant's company. Although strongly contested, this testimony authorized the trial court's instruction to the jury on conspiracy. See *Durden v. Collins,* 169 Ga. App. 347, 348 (3) (312 SE2d 842) (1983).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED APRIL 4, 1985 —
REHEARING DENIED APRIL 29, 1985 —

*Eugene A. Epting,* for appellant.
*J. Vincent Cook, Gregory M. Perry, David R. Montgomery, Denny C. Galis, Jefferson W. Willis,* for appellees.