61108. SMITH et al. v. AVEMCO INSURANCE COMPANY.

SHULMAN, Presiding Judge.

Plaintiffs-insureds appeal the grant of defendant-insurer's motion for summary judgment (and the concomitant denial of plaintiffs' motion). The issue presented on appeal is whether defendant-insurer is liable under plaintiffs' aircraft policy with defendant for the damages sustained to plaintiffs' aircraft in an attempted emergency landing. We affirm the judgment of the trial court denying such liability. While it is axiomatic that ambiguities in a policy of insurance will be construed against the maker of the policy, no such ambiguities appear in regard to defendant's liability under the facts of the instant case.

There is no dispute that the damages to plaintiffs' aircraft occurred during plaintiff Smith's attempt to make an emergency landing of the aircraft. The insurance policy at issue clearly and plainly states that plaintiffs' aircraft will be covered for all risks, *excluding* in flight risks. The term "in flight" as defined in the policy "means the time commencing when the aircraft moves forward in attempting to take-off and continuing thereafter *until it has completed its landing run.*" (Emphasis supplied.) Thus, the damages sustained to plaintiffs' aircraft prior to the completion of its landing

(in an attempted emergency landing of the aircraft) were damages sustained "in flight." Under the terms of the policy, defendant is plainly without liability.

Plaintiffs assert that the policy's $200 deductible for damages sustained to an aircraft "in motion" (when it "is moving under its own power or the momentum generated therefrom") implies defendant's liability for the damages incurred to their aircraft (which at the time of the landing was admittedly in motion), or at least presents an ambiguity and raises a jury question as to the extent of the policy's coverage. We disagree. Logic and a careful reading of the policy forbid such an inference. Plaintiffs' policy of insurance would provide coverage for damages sustained to plaintiffs' aircraft in motion, but not when that aircraft is in flight. Such coverage is not contradictory or ambiguous. The fact that an in flight aircraft may also be "in motion" (necessarily so) does not increase that coverage. The policy clearly, plainly and explicitly excludes liability for damages sustained to an aircraft in flight. There is no ambiguity in the liability coverage of the policy and no question raised for jury resolution. That being so, the trial court properly granted defendant's motion for summary judgment.

In light of the fact that plaintiffs admitted that they had not read their policy until after the aircraft was damaged, their contention that they requested and believed they had purchased "full" coverage from the defendant does not present grounds for reversal of the judgment below. See *Barnes v. Mangham,* 153 Ga. App. 540 (265 SE2d 867).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 16, 1981.

*David P. Daniel,* for appellants.
*George W. Carpenter,* for appellee.