67405. TURNER, WOOD & SMITH, INC. v. REED.

BANKE, Judge.

Acting through the appellant insurance agency, the appellee obtained a policy of "farm protection" insurance which provided, among other things, fire protection on a dwelling he intended to renovate. The structure burned during the policy period, but because it had been vacant for more than 60 days at the time, the insurer took the position that the policy no longer covered it. The appellee filed suit against both the insurer and the appellant agency, charging the latter with negligence in failing to procure adequate coverage. The trial court granted summary judgment to the insurer, but the claim against the agency proceeded to jury trial and a resulting verdict in the appellee's favor. The agency filed this appeal from the denial of its motion for judgment notwithstanding the verdict.

The purchase of the insurance policy had been handled by the appellee's wife on his behalf. She testified that she made the purchase through the appellant because she and her husband had dealt with that agency before and had come to rely on it to provide them with proper coverage, and she maintained that she specifically informed

the agency representative with whom she dealt that the house in question was to be renovated as soon as the tenant who was currently residing there moved out. After the policy was issued, but before the fire occurred, the appellee's wife became disenchanted with this representative due to certain mistakes he had allegedly made, and she complained about him to another employee at the agency. Despite these misgivings, however, neither she nor her husband read the policy between the time they received it and the occurrence of the fire; and they were consequently unaware that it did not cover any dwelling which was vacant for more than 60 days. Although the appellee's wife testified that she specifically told the appellant's representative that the dwelling in question would be vacant during the renovation period, she admitted that she did not specify the amount of time the renovations were expected to take, explaining that the representative never indicated to her that this might be a relevant factor. She further testified that when she spoke with this representative after the claim was denied by the insurer, he expressed surprise to her that such a vacancy clause existed. *Held:*

Generally speaking, an insurance agent who undertakes to procure a policy of insurance for his principal but negligently fails to do so may be held liable to the principal for any resulting loss. See, e.g., *Carrollton Fed. S. & L. Assn. v. Young,* 165 Ga. App. 262 (299 SE2d 395) (1983); *Holyoak v. Houston-Gaskins Agency,* 160 Ga. App. 565 (287 SE2d 572) (1981); *Speir Ins. Agency v. Lee,* 158 Ga. App. 512 (281 SE2d 279) (1981); *Northeastern Ins. Agency v. Courson,* 156 Ga. App. 321, 322-323 (274 SE2d 714) (1980). However, where the agent does procure the requested policy and the insured fails to read it to determine which particular risks are covered and which are excluded, the agent is thereby insulated from liability, even though he may have undertaken to obtain "full coverage." See *Ethridge v. Assoc. Mutuals,* 160 Ga. App. 687 (288 SE2d 58) (1981); *Barnes v. Levenstein,* 160 Ga. App. 115 (286 SE2d 345) (1981); *Smith v. Avemco Ins. Co.,* 157 Ga. App. 531 (278 SE2d 112) (1981); *Barnes v. Mangham,* 153 Ga. App. 540 (265 SE2d 867) (1980); *Ga. Mut. Ins. Co. v. Meadors,* 138 Ga. App. 486 (226 SE2d 318) (1976).

The appellant contends that the Supreme Court's decision in *Wright Body Works v. Columbus Interstate Ins. Agency,* 233 Ga. 268 (210 SE2d 801) (1974), did away with the absolute requirement that the insured read the policy where there is evidence that he justifiably relied on the agent to procure adequate coverage. In that case, the insurance agent had undertaken to calculate the amount of business coverage the plaintiff needed by examining annual audits of the business furnished to him by the plaintiff for this purpose. However, the agent erroneously based his calculations of the

premium on the "gross profit" of the business rather than its "gross earnings"; and as a result of this error, the policy did not provide adequate protection. The court held that under these circumstances, "the plaintiff's agent relieved the plaintiff from the responsibility of itself having the policy examined minutely to determine if the coverage required was included within the terms of the insurance policies." *Id.* at 271. In reaching this conclusion, the court distinguished two prior decisions of this court, *Fields v. Goldstein,* 97 Ga. App. 286 (102 SE2d 921) (1958) *aff'd* 214 Ga. 277 (104 SE2d 337) (1958), and *S & A Corp. v. Berger & Co.,* 111 Ga. App. 39 (140 SE2d 509) (1965), on the ground that "[i]n both of these cases an examination would have made it readily apparent that the coverage contracted for was not issued." *Id.* at 269. In *Fields v. Goldstein,* the insured had sought unsuccessfully to recover from the agent on the basis of the latter's alleged negligence in failing to obtain a policy rider waiving a vacancy provision identical in effect to the one at issue in the case before us now. It follows that the rationale of the holding in *Wright Body Works* does not apply in the case before us, because, just as in *Fields v. Goldstein,* the vacancy provision would have been "readily apparent" upon an examination of the policy. The appellee's failure to examine the policy thus precludes any recovery against the appellant, and the trial court erred in overruling the appellant's motion for judgment notwithstanding the verdict.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED DECEMBER 5, 1983.

*Thomas M. Cole, George L. Simpson III,* for appellant.
*Robert J. Reed,* for appellee.