A92A1038. ATLANTA WOMEN'S CLUB, INC. v. WASHBURNE
et al.
(427 SE2d 18)

BEASLEY, Judge.

The Atlanta Women's Club, Inc. sued Washburne and the insurance agencies for which he worked, alleging that they negligently failed to procure insurance coverage and breached a contract to procure such coverage. It appeals from the summary judgment granted to all defendants.

The Club's former insurance policy provided fire and extended coverage for the building at issue in the amount of $635,000 and had an 80 percent co-insurance clause, which reduced the amount of coverage payable for losses unless the Club carried insurance equal to 80 percent of the value of the property. The former policy also carried an endorsement which waived the co-insurance clause. It also provided for increases in coverage limits to adjust for increases in construction costs and property values caused by inflation.

When the former policy was not renewed, the Club's officer who handled insurance sent the Club's copy of that insurance policy to the Washburne agency for review by it, stating that the Club wanted the same amount of coverage as existed under the prior policy and relying upon the insurance agency's expertise in providing such coverage. There is also evidence that Washburne is an insurance consultant, as well as broker, and in that capacity charged the Club a ten percent fee in addition to a standard brokerage commission.

The former policy, comprising 72 pages, had an 80 percent co-insurance clause. It also had an endorsement for business property stating, "Val-U-Gard II Endorsement (140413-06-84) Applies to business real property Val-U-Gard Cost Index Automatic Location(s) covered: 001." This endorsement negated the co-insurance clause under a provision located midway through the policy, stating that "[w]hen the Declarations for this Endorsement show it applies to Business Real

Property, *Coinsurance* will not apply to *Business Real Property*." The present policy had an 80 percent co-insurance clause which was not negated by any such endorsement.

The policy obtained by Washburne provided the same coverage limit of $635,000 and had the same 80 percent co-insurance clause, but it did not have a similar endorsement waiving the co-insurance clause.

Subsequently, the insured property was heavily damaged by fire. Because of improvements which had increased the value of the property at the time of the fire, the property was not insured for at least 80 percent of its value, and the co-insurance clause substantially reduced the coverage otherwise payable under the policy.

It is undisputed that Washburne was acting as the Club's agent in obtaining the insurance policy. It is also undisputed that the officer of the Club handling the insurance matter read the portion of the new policy which showed the same coverage limits, and also reflected the 80 percent co-insurance requirement. The officer testified, however, that she did not understand the co-insurance requirement, did not read the remainder of the policy which explained the co-insurance clause, and did not discover that the new policy contained no similar endorsement waiving the co-insurance clause. She did not have the former policy to compare it with. The Club contends that the defendants negligently failed to explain the now-operational co-insurance clause, especially in light of the increased value of the property, and negligently failed to provide the insurance coverage sought.

"Generally speaking, an insurance agent who undertakes to procure a policy of insurance for his principal but negligently fails to do so may be held liable to the principal for any resulting loss. [Cits.] However, where the agent does procure the requested policy and the insured fails to read it to determine which particular risks are covered and which are excluded, the agent is thereby insulated from liability, even though he may have undertaken to obtain 'full coverage.' " *Turner, Wood & Smith v. Reed,* 169 Ga. App. 213, 214 (311 SE2d 859) (1983); *Ethridge v. Associated Mutuals,* 160 Ga. App. 687, 688 (288 SE2d 58) (1981).

An exception to this rule applies where the agent, acting in a fiduciary relationship with the insured, holds himself out as an expert in the field of insurance and performs expert services on behalf of the insured under circumstances in which the insured "must rely [up]on the expertise of the agent to identify and procure the correct amount or type of insurance. *Wright Body Works v. Columbus &c. Ins. Agency,* 233 Ga. 268, 271 (210 SE2d 801) (1974)." *Epps v. Nicholson,* 187 Ga. App. 246, 248 (370 SE2d 13) (1988); *Greene v. Lilburn Ins. Agency,* 191 Ga. App. 829, 830 (383 SE2d 194) (1989). Under these circumstances, the insured is relieved of the responsibility to minutely

examine the policy to determine if the required coverage was included within its terms. *Wright Body Works*, supra at 271. Even in these circumstances, however, the insured is not relieved of all responsibility to examine the policy. The duty to read remains where "an examination [of the policy] would have made it readily apparent that the coverage contracted for was not issued." Id. at 269; *Reed*, supra at 215.

In this case, the question is not whether the co-insurance provisions were readily apparent; it is whether the absence of the Val-U-Gard endorsement's negation of the co-insurance provision in the prior policy was readily apparent, so that it was likewise readily apparent that the inclusion of such a clause in the policy provided by Washburne without the negating endorsement provided a drastically reduced amount of coverage.

The holdings in *Greene, Reed*, and like cases are predicated on the fact that it would have been readily apparent to a layman reading the insurance policy, based upon the plain and ordinary meaning of clear and unambiguous language, that the risk causing the loss was not covered. An insurance policy is to be read as a layman would read it and not as it might be analyzed by an insurance expert. *Hogan v. Mayor &c. of Savannah*, 171 Ga. App. 671, 672 (1) (320 SE2d 555) (1984); see also *Henderson v. Henderson*, 152 Ga. App. 846, 847 (1) (264 SE2d 299) (1979).

*Wright Body Works*, supra at 268, held that where an insurance agent holds itself out as an expert in the field of insurance and the insured relies upon such expertise to determine the amount of insurance necessary to provide adequate coverage, the insured is relieved from the responsibility of having to examine the policy minutely to determine if the coverage required was that obtained. See *Ethridge*, supra at 688.

There are questions of fact in regard to these issues in this case.

*Judgment reversed. McMurray, P. J., Pope, Cooper and Johnson, JJ., concur. Sognier, C. J., Birdsong, P. J., Carley, P. J., and Andrews, J., dissent.*

ANDREWS, Judge, dissenting.

I respectfully dissent.

When its former insurance policy was not renewed, the Club contacted Washburne to locate and obtain for the Club a replacement fire and extended coverage policy providing the same amount of coverage as the former policy, but at a lower premium. Through Washburne, who acted as the Club's agent, the Club obtained a new policy which provided the same coverage limit of $635,000, and had the same 80 percent co-insurance clause, which reduced the amount of coverage unless the property was insured up to 80 percent of its value.

The new policy, however, did not have the endorsement contained in the prior policy waiving the co-insurance clause. By the time of the fire, the property had been improved and increased in value to the point that the coverage under the policy was not sufficient to insure the property for at least 80 percent of its value. Since the co-insurance clause was not waived, the amount of coverage under the policy was reduced.

The Club's representative read the portion of the new policy showing the same coverage limits and reflecting the 80 percent co-insurance requirement. The representative admitted, however, that she did not read the remainder of the policy, which contained an explanation of the co-insurance clause, and which would have reflected that the policy contained no similar endorsement waiving the co-insurance clause.

The majority correctly states the applicable law: "Generally speaking, an insurance agent who undertakes to procure a policy of insurance for his principal but negligently fails to do so may be held liable to the principal for any resulting loss. [Cits.] However, where the agent does procure the requested policy and the insured fails to read it to determine which particular risks are covered and which are excluded, the agent is thereby insulated from liability, even though he may have undertaken to obtain 'full coverage.' " *Turner, Wood & Smith v. Reed*, 169 Ga. App. 213, 214 (311 SE2d 859) (1983); *Ethridge v. Associated Mutuals*, 160 Ga. App. 687, 688 (288 SE2d 58) (1981). An exception to this rule applies where the agent, acting in a fiduciary relationship with the insured, holds himself out as an expert in the field of insurance and performs expert services on behalf of the insured under circumstances in which the insured "must rely upon the expertise of the agent to identify and procure the correct amount or type of insurance. *Wright Body Works v. Columbus &c. Ins. Agency*, 233 Ga. 268, 271 (210 SE2d 801) (1974)." *Epps v. Nicholson*, 187 Ga. App. 246, 248 (370 SE2d 13) (1988); *Greene v. Lilburn Ins. Agency*, 191 Ga. App. 829, 830 (383 SE2d 194) (1989). Under these circumstances, the insured is relieved of the responsibility to minutely examine the policy to determine if the required coverage was included within its terms. *Wright Body Works*, supra at 271. Even in these circumstances, however, the insured is not relieved of all responsibility to examine the policy. The duty to read remains where "an examination [of the policy] would have made it readily apparent that the coverage contracted for was not issued." Id. at 269; *Reed*, supra at 215.

Applying these principles, I cannot agree that the defendants may be liable for failing to provide the coverage sought, or to explain the operation of the co-insurance clause. Construed in favor of the Club, the record reflects that Washburne was directed to attempt to

obtain the same coverage provided by the expired policy. There is no evidence that the agent undertook to exercise discretion in the type or amount of coverage, nor does the record reflect that the agent undertook to determine the value of improvements to the property for purposes of assessing co-insurance requirements. Here, as in *England v. Ga.-Fla. Co.*, 198 Ga. App. 704 (402 SE2d 783) (1991), the alleged negligence is based not on the exercise of expert discretion, but on the failure to obtain specified coverage. "Therefore, the instant case is *not* otherwise within the *Wright Body Works* exception to the general rule that one who had sought, but did not receive, specified coverage has no viable negligence claim if, prior to suffering the uninsured loss, he had the alleged non-conforming policy in his possession." (Emphasis in original.) *England*, supra at 704. Moreover, even if we were to assume that the agent exercised discretion as to the type or amount of coverage by providing a policy without a similar endorsement waiving the co-insurance clause, the insured's failure to read the policy would preclude recovery because the co-insurance provisions, and the lack of any endorsement waiving the co-insurance requirements, would have been "readily apparent" upon examination of the policy. *Greene*, supra at 830; *Reed*, supra at 215. Accordingly, there was no jury question as to any negligence on the part of the defendants to procure insurance, and the trial court properly granted summary judgment.

As to the claim that the defendants at issue breached a contract to procure insurance as instructed, the Club was under a duty to examine and reject the policy for any claimed incorrect or insufficient coverage. The failure to do so under the present facts relieves the defendants of any liability for any lack of coverage. *Epps*, supra at 247-248. There was no error in the grant of summary judgment on this claim.

I am authorized to state that Chief Judge Sognier and Presiding Judge Birdsong join in this dissent.

DECIDED DECEMBER 2, 1992 —
RECONSIDERATION DENIED DECEMBER 18, 1992 —

*Savell & Williams, Edward L. Savell*, for appellant.
*Lokey & Bowden, Charles M. Lokey, Malcolm Smith, Totsy Nichols, White, Orrison, Martin & Black, R. Patrick White*, for appellees.