A94A0977. McMILLAN et al. v. GAY et al.
(444 SE2d 117)

BLACKBURN, Judge.

The appellants, Millen Fish Company (Millen), and its president, David McMillan, brought the instant action for damages against appellees Carroll Gay, Jr., and Truck Aid Insurance Agency (Truck Aid), Gay's insurance agency, based upon Gay and Truck Aid's al-

leged negligence in failing to procure adequate insurance coverage as requested on one of Millen's vehicles. After the commencement of discovery, Gay and Truck Aid moved for summary judgment, and the motion was granted by the trial court based upon McMillan's failure to read both the insurance application and the policy. This appeal followed. In their sole enumeration of error, McMillan and Millen maintain that summary adjudication was precluded based upon the evidence in the record as a matter of law.

Viewing all the facts and inferences from those facts in the light most favorable to McMillan and Millen, the non-moving parties, the record shows that Millen was a family-owned corporation in the business of distributing seafood. Since 1987, the corporation maintained liability, collision, and comprehensive insurance coverage on its fleet of refrigerated trucks with Georgia Farm Bureau through a local agent. In October 1990, McMillan was notified by Georgia Farm Bureau that as of April 1991, the date of the renewal of Millen's fleet policy with the company, Georgia Farm Bureau planned to exclude from coverage a vehicle operated by Larry Wentzel, one of Millen's employees, because of Wentzel's numerous traffic violations.

Approximately three months later, the local agent informed McMillan that Truck Aid had the most competitive price for coverage on the subject vehicle and contacted Gay to suggest that he provide coverage on the vehicle. He also informed Gay of the present coverage on the vehicle. In the interim, McMillan contacted other agencies for quotations on the desired coverage, and because Truck Aid's rates were lower than the rates quoted by other agencies, McMillan told Gay to complete a binder for coverage with Canal Insurance Company through Truck Aid. At that time, the parties did not discuss the specific type of coverage to be provided under the policy.

Thereafter, Gay met McMillan at the fish company and McMillan signed the application for the insurance coverage with Canal Insurance Company. It is undisputed that McMillan did not read the entire application although a copy of the application was given to him at the meeting. McMillan maintains that Gay informed him at the meeting that the coverage requested in the application was the same coverage that had been provided by Georgia Farm Bureau. McMillan did read the caption of the application which read "Jimmy Stringer Company Commercial Vehicle Application, Liability and Physical Damage Insurance." However, McMillan did not read the portion of the application which provided that "This application is for X Liability _____ Property Damage," which indicated that the binder was for liability insurance coverage only.

The insurance policy was subsequently delivered to Millen on May 31, 1991, and provided liability coverage on the subject vehicle based upon the information contained in the application. It is undis-

puted that McMillan did not read the policy prior to June 4, 1991. On that date, the insured vehicle was totally destroyed as a result of a collision while being operated by Wentzel.

" 'Generally speaking, an insurance agent who undertakes to procure a policy of insurance for his principal but negligently fails to do so may be held liable to the principal for any resulting loss. (Cits.) However, where the agent does procure the requested policy and the insured fails to read it to determine which particular risks are covered and which are excluded, the agent is thereby insulated from liability, even though he may have undertaken to obtain "full coverage." ' [Cits.]" *Atlanta Women's Club v. Washburne*, 207 Ga. App. 3, 4 (427 SE2d 18) (1992). Inasmuch as McMillan failed to read the application and the policy provisions to determine what type coverage was provided on the subject vehicle, any action against Gay and Truck Aid based upon negligent procurement is barred, and summary adjudication was appropriate. See also *England v. Georgia-Florida Co.*, 198 Ga. App. 704 (1) (402 SE2d 783) (1991).

McMillan and Millen's reliance on the Supreme Court's decision in *Wright Body Works v. Columbus Interstate Ins. Agency*, 233 Ga. 268 (210 SE2d 801) (1974), is misplaced because McMillan did not rely on Gay's expert discretion to identify and procure the correct amount or type of insurance coverage, unlike the plaintiff therein. In fact, McMillan independently inquired about coverage with other insurance agencies before finally deciding to obtain coverage with Canal Insurance Company through Gay. Accordingly, the trial court did not err in granting summary judgment in favor of Gay and his insurance agency.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 4, 1994.

*Edenfield, Stone & Cox, E. Lee Davis*, for appellants.
*Fulcher, Hagler, Reed, Hanks & Harper, David H. Hanks, Sharon R. Blair, R. H. Reeves III*, for appellees.