2011 OK CIV APP 16

**Dewayne GIBSON and Susan Gibson, Plaintiffs/Appellants,**

v.

**The AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Defendant/Appellee,**

and

**Travelers Companies and Hawk Insurance and Associates, Defendants.**

No. 108,265.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 7, 2011.

E. Ed Bonzie, Oklahoma City, OK, for Plaintiffs/Appellants.

D. Lynn Babb, Pierce, Couch, Hendrickson, Baysinger & Green, L.L.P., Oklahoma City, OK, for Defendant/Appellee.

KENNETH L. BUETTNER, Judge.

¶ 1 Plaintiffs/Appellants Dewayne and Susan Gibson appeal from summary judgment entered in favor of The Automobile Insurance Company of Hartford, Connecticut (Insurer).[1] The material facts are not in dispute. The record shows the Gibsons did not have a policy of insurance in effect at the time of their claimed loss and Insurer was therefore entitled to judgment as a matter of law. We affirm.

¶ 2 In their January 30, 2009 Petition, the Gibsons asserted that Insurer acted in bad faith by wrongfully canceling the Gibsons' policy and refusing to pay the Gibsons' claim for damage to their home.[2] The Gibsons asserted they suffered economic and emotional damages, and they further sought an award of punitive damages. In its Answer, Insurer denied the Gibsons had a policy of insurance in effect at the time of their claimed damages.

¶ 3 Insurer filed its Motion for Summary Judgment February 1, 2010. Insurer asserted the following material facts were undisputed: 1) the Gibsons had a homeowners insurance policy with Insurer from March 28, 2007 to March 28, 2008; 2) on February 20, 2008, Insurer informed the Gibsons that the policy would not be renewed when the policy period ended March 28, 2008;[3] 3) copies of the nonrenewal notice were sent to the Gibsons and to Agent;[4] 4) the Gibsons' property sustained wind and hail damage May 1, 2008; 5) there was no policy of insurance issued by Insurer in effect at the time of the Gibsons' May 1, 2008 loss; and 6) the Gibsons sued

Insurer alleging it wrongfully and in bad faith failed to pay their claim. Insurer argued that, absent a contract, it had no duty to pay the claim or to deal in good faith with the Gibsons. Insurer also contended that because it sent timely notice of nonrenewal, it had a good faith belief that there was no policy in effect and therefore had a justifiable, good faith basis for denying the claim.

¶ 4 In their response, the Gibsons disputed Insurer's facts 2, 5, and 6. In response to fact 2, the Gibsons contended that the notice of nonrenewal was conditioned upon an above-ground pool in their backyard which had been removed before they received the notice of nonrenewal. The Gibsons asserted that Agent forwarded a message to Insurer February 26, 2008 to inform Insurer the pool had been removed and to request that Insurer renew the policy. The Gibsons disputed fact 5 by asserting that Agent assured them they had insurance coverage and they relied on his assurances. The Gibsons also contended the notice of nonrenewal was illegal because it was issued less than 45 days after the Gibsons filed a claim under the policy in January 2008. In response to fact 6, the Gibsons asserted their Petition stated causes of action for bad faith failure to pay their claim, wrongful cancellation of the policy, "and refusal to renew and reinstate the policy."

¶ 5 Insurer replied by denying that the notice of nonrenewal was "conditioned" on a swimming pool. Insurer asserted nothing in the notice indicated the decision would be reconsidered if the pool was removed. Insurer also asserted that the Gibsons had failed to pay a premium after they received notice of nonrenewal, and therefore no contract for a new policy term was created.[5]

---

1. The Gibsons also filed suit against Defendants Hawk Insurance and Associates (Agent) and Travelers Companies. The record shows the Gibsons dismissed without prejudice their claim against Travelers Companies March 16, 2009. Summary judgment was granted to Insurer, leaving the Gibsons' claim against Agent pending. Although the summary judgment did not resolve all of the Gibsons' claims, the trial court certified the summary judgment for immediate appeal pursuant to 12 O.S.2001 § 994(A).

2. The Gibsons did not assert a breach of contract claim in their Petition.

3. Insurer acknowledged in its argument that a nonrenewal is effective 45 days after mailing notice, under 36 O.S.2001 § 3639, and that the nonrenewal in this case was effective April 5, 2008.

4. Insurer attached a copy of the notice and the certified mail receipt dated February 20, 2008.

5. Insurer's Reply cites to Ex. A, deposition of Dewayne Gibson, to support its assertion that the Gibsons did not pay the premium. Insurer's Reply has been included in the record on appeal

Insurer asserted that any statements made by Agent would not bind Insurer where the insured has not paid the premium.

¶ 6 The trial court entered its Order April 9, 2010. The court found no dispute of material fact and that "there was no contract of insurance in existence between (the Gibsons) and (Insurer) at the time of the loss. . . ." The Gibsons appeal. Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S.2001, Ch. 2, App.1. Summary judgment is appropriate where the record establishes no substantial controversy of material fact and the prevailing party is entitled to judgment as a matter of law. *Brown v. Alliance Real Estate Group*, 1999 OK 7, 976 P.2d 1043, 1045. Summary judgment is not proper where reasonable minds could draw different inferences or conclusions from the undisputed facts. *Id.* Further, we must review the evidence in the light most favorable to the party opposing summary judgment. *Vance v. Fed. Natl. Mortg. Assn.*, 1999 OK 73, 988 P.2d 1275.

 ¶ 7 We address the evidence presented in support of the Gibsons' alleged disputes of facts. The Notice of Nonrenewal,[6] dated February 20, 2008, provides in pertinent part:

> We wish to inform you that your policy designated above will not be continued at the expiration of its current policy period on 3/28/2008. . . . If you have any questions regarding this notice, please contact your agent or insurance representative.
>
> Our reason for non-renewing your policy is an unfavorable liability hazard(s) as revealed by a recent inspection and described below.
>
> Above ground pool in back yard is unsecured, fence is unlocked.

without exhibits attached. However, in their Petition in Error, the Gibsons list as one of the issues to be raised on appeal: "5. Whether the Trial Court erred in requiring (the Gibsons) to have paid their insurance premiums to (Insurer), even though (the Gibsons) never received premium statements after the notice of non-renewal was sent."

**6.** The Oklahoma Insurance Code includes the following definitions:

Please contact your agent to make other arrangements for coverage. Your agent can be of assistance if you have any questions or if you believe our information is incorrect.

We agree with Insurer that the notice does not contain conditional language. It plainly states "your policy . . . will not be continued" and "make other arrangements for coverage." The notice does not state that coverage will not be continued *if* the hazards are not removed. The Gibsons contend that Agent reported to Insurer that the hazards had been remedied. As support for that assertion, they attached as Ex. B a copy of the "Notice of Nonrenewal" which contains the following typed language at the bottom:

> 2–26–08
>
> PLEASE RENEW POLICY THE ABOVE GROUND
>
> [pool] HAS BEEN REMOVED AS OF 9–07
>
> IF YOU NEED ANYTHING FURTHER PLEASE LET
>
> ME KNOW
>
> (email address of Agent's employee)

The document shows two fax dates: one is 12/31/2007, before the notice was issued, and the other is May 30, 2008, after the Gibsons' claim was denied. The Gibsons also attached a May 29, 2008 email from Insurer to Agent's employee stating that Insurer had no record of receiving a fax from Agent asking to renew the policy. The Gibsons' Ex. F is a letter from Agent to Insurer, dated May 22, 2008, in which Agent stated in part, "I thought the policy was renewed but, (*sic*) failed to follow up to make sure it was done." The Gibsons' Ex. D, the affidavit of Dewayne Gibson, states in part that after the Gibsons received the notice, "I immediately contacted

3. "Cancellation" means termination of a policy at a date other than its expiration date;
4. "Expiration date" means the date upon which coverage under a policy ends. It also means, for a policy written for a term longer than one (1) year or with no fixed expiration date, each annual anniversary date of such policy; and
5. "Nonrenewal" or "refusal to renew" means termination of a policy at its expiration date.

36 O.S.Supp.2007 § 3639(B).

(Agent) about the notice and was told and assured that the notice was a mistake and that they would take care of the problem." Dewayne Gibson further averred he did not hear from Agent or Insurer again until after he filed the claim at issue. The Gibsons have not asserted or presented evidence showing that they were billed for or paid a premium for another policy term. This evidence shows Insurer gave notice of nonrenewal to the Gibsons more than 45 days before the claimed loss and that no contract for a new policy term was entered.

■ ¶8 The Gibsons' next claim is that the notice of nonrenewal was illegal because it was sent less than 45 days after the Gibsons had made an earlier claim.[7] We first note the statute does not provide that nonrenewals must be more than 45 days beyond an earlier claim; it states that after a policy has been in effect more than 45 days, the statute's prohibitions on nonrenewal apply. More importantly, however, the Gibsons did not present any evidence showing they had made an earlier claim nor any evidence creating a question of fact whether Insurer issued the nonrenewal notice for a reason prohibited by § 3639.1.

■ ¶9 The Gibsons' final argument against summary judgment was that Insurer was bound by Agent's assurances to the Gibsons that their policy would not be canceled. For this proposition, the Gibsons rely on 36 O.S.1991 § 1423.[8] The Gibsons also rely on *Wynn v. Avemco Ins. Co.*, 1998 OK 75, 963 P.2d 572, for its statement that "(a)n insurance company may be bound by statements of its agents with apparent or ostensible authority to bind the insurance company." In that case, the insured was unaware that his policy renewal excluded certain coverage. The Oklahoma Supreme Court found the agent's statements were not material: "(e)ven if the agent represented to Wynn that the policy was for full coverage, the renewal application and the policy should have put Wynn on notice of the . . . exclusion. Thus, there is no genuine issue of material fact that the policy in effect at the time of the accident did not cover "in-flight" damage to the aircraft." *Id.* at ¶14. In this case, Insurer sent a nonrenewal notice to the Gibsons. Even if Agent indicated to Dewayne Gibson that the notice was a mistake and "he would take care of it," the Gibsons

7. They rely on 36 O.S.2001 § 3639.1, which provides:

No insurer shall cancel, refuse to renew or increase the premium of a homeowner's insurance policy, which has been in effect more than forty-five (45) days, solely because the insured filed a first claim against the policy. The provisions of this section shall not be construed to prevent the cancellation, nonrenewal or increase in premium of a homeowner's insurance policy for the following reasons:
1. Nonpayment of premium;
2. Discovery of fraud or material misrepresentation in the procurement of the insurance or with respect to any claims submitted thereunder;
3. Discovery of willful or reckless acts or omissions on the part of the named insured which increase any hazard insured against;
4. A change in the risk which substantially increases any hazard insured against after insurance coverage has been issued or renewed;
5. Violation of any local fire, health, safety, building, or construction regulation or ordinance with respect to any insured property or the occupancy thereof which substantially increases any hazard insured against;
6. A determination by the Commissioner that the continuation of the policy would place the insurer in violation of the insurance laws of this state; or

7. Conviction of the named insured of a crime having as one of its necessary elements an act increasing any hazard insured against.

8. That statute as quoted by the Gibsons provided:

Every agent, customer service representative, or limited insurance representative who solicits or negotiates an application for insurance of any kind shall, in any controversy between the insured or the insured's beneficiary and the insurer, be regarded as representing the insurer and not the insured or the insured's beneficiary.
The statute has been amended and renumbered as 36 O.S.2001 § 1435.3. It now provides:
A. Every insurance producer, customer service representative, or limited lines producer who solicits or negotiates an application for insurance of any kind shall, in any controversy between the insured or the insured's beneficiary and the insurer, be regarded as representing the insurer and not the insured or the insured's beneficiary. This provision shall not affect the apparent authority of an insurance producer.
B. Every surplus lines insurance broker who solicits an application for insurance of any kind shall, in any controversy between the insured or the insured's beneficiary and the insurer issuing any policy upon such application, be regarded as representing the insured or the insured's beneficiary and not the insurer. . . .

did not receive any further contact from Insurer to indicate that the policy was in fact renewed. In this case, the Gibsons were on notice that the policy was not being renewed. We find no question of material fact on whether Insurer was bound by Agent's statements.

¶ 10 An insurance company has an implied duty to deal fairly and in good faith with its insureds. *Christian v. American Home Assur. Co.*, 1977 OK 141, 577 P.2d 899, 904. Necessarily, this duty exists only with parties who have an insurance contract with the insurance company. The record in this case shows that the Gibsons were notified that their policy would not be renewed and that the Gibsons had no insurance contract in effect at the time of the claimed loss.

¶ 11 AFFIRMED.

MITCHELL, P.J., and JOPLIN, J., concur.