FILED
United States Court of Appeals
Tenth Circuit

November 4, 2020

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

VICTORIA ANN BURGESS;
ELIZABETH F. JOHNSON; CLARK
WALKER JOHNSON; MAYNARD
GARDNER MOODY, personal
representative of the estate of Patricia
Johnson Perry, deceased,

      Plaintiffs - Appellees,

v.

HOWARD MITCHELL JOHNSON,

      Defendant - Appellant.

No. 19-5098
(D.C. No. 4:19-CV-00232-GKF-JFJ)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

Defendant Howard Johnson is the sole trustee (the Trustee) of a trust created under

Oklahoma law by Dr. E. O. Johnson in 1974.  Plaintiffs Victoria Burgess, Elizabeth

Johnson, Clark Johnson, and Maynard Moody (as personal representative of the estate of

Patricia Johnson Perry) are beneficiaries of the trust.  In May 2019 Plaintiffs sued the

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal.  *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted
without oral argument.  This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir.
R. 32.1.

Trustee in the United States District Court for the Northern District of Oklahoma, alleging that he had breached his fiduciary duties by wrongfully taking trust assets and spending trust money. In response the Trustee moved the court to stay the proceedings and compel arbitration under §§ 3 and 4 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16. He argued that a provision (the Arbitration Provision) of the declaration of trust, as amended (the Trust Declaration), constitutes an arbitration agreement that entitles him to compel arbitration under the FAA. Defendants responded that the Arbitration Provision does not give the Trustee authority to compel arbitration and that the FAA does not apply in any event because the Arbitration Provision is not a "contract evidencing a transaction involving commerce" as required by § 2 of the FAA. 9 U.S.C. § 2. The district court denied relief.

The Trustee appeals. We have jurisdiction under the FAA, *see* 9 U.S.C. § 16 ("An appeal may be taken from . . . an order . . . refusing a stay of any action under section 3 of this title . . . [or] denying a petition under section 4 of this title to order arbitration to proceed."), and affirm. We hold that the Arbitration Provision does not empower the Trustee to compel arbitration in disputes with beneficiaries. We therefore need not address Plaintiffs' arguments regarding the applicability of the FAA to the Arbitration Provision or the Trustee's arguments that Plaintiffs are bound by the provision even though they are not signatories to the Trust Declaration. In particular, there is no need for us to grant the Trustee's request that we certify to the Oklahoma Supreme Court the question whether Plaintiffs would be bound to the Arbitration Provision under a theory of equitable estoppel or otherwise.

2

## I.  DISCUSSION

"We review a district court's denial of a motion to compel arbitration de novo . . . [and] apply the same legal standard as the district court."  *Beltran v. AuPairCare, Inc.*, 907 F.3d 1240, 1251 (10th Cir. 2018).  "Before granting a stay of litigation pending arbitration, a . . . court must determine that an agreement to arbitrate exists."  *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997).  This is because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (internal quotation marks omitted); *see also Avedon*, 126 F.3d at 1287 ("The existence of an agreement to arbitrate is a threshold matter which must be established before the FAA can be invoked.").

 "[T]o determine whether a party has agreed to arbitrate a dispute, we apply ordinary state-law principles that govern the formation of contracts."  *Jacks v. CMH Homes, Inc.*, 856 F.3d 1301, 1304 (10th Cir. 2017) (internal quotation marks omitted). Here, the parties agree that Oklahoma provides the relevant law for interpreting the Arbitration Provision.  We accept the Trustee's view that the provision must be interpreted as a matter of contract law, even though Plaintiffs contend that a declaration of trust is not a contract, because we are not sure that rules regarding the interpretation of trusts would compel a different result and the Trustee loses under his approach in any event.

Under Oklahoma law, "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."  Okla. Stat.

3

tit. 15, § 154. "The court[] will read the contract language in its plain and ordinary meaning unless a technical meaning is conveyed" and "will decide, as a matter of law, whether a contract provision is ambiguous." *Okla. Oncology & Hematology P.C. v. US Oncology, Inc.*, 160 P.3d 936, 946 (Okla. 2007). "A court will not create an ambiguity by using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on a provision." *Wynn v. Avemco Ins. Co.*, 963 P.2d 572, 575 (Okla. 1998). The goal is "to give effect to the intention of the parties as ascertained from the four corners of the contract." *Okla. Oncology*, 160 P.3d at 946.

The Arbitration Provision is § II, ¶ (1)(c) of the Trust Declaration. Section II is entitled "General Provisions Relating to Trusts." Aplt. App., Vol. 1 at 25. It states in ¶ 1 that the trustees "shall have power to manage and contract with respect to the Trust estate, in the same manner and to the same extent as Grantor could do had Grantor owned such Trust estate individually," and it also grants the trustees certain additional powers "in their sole discretion," such as the power to lease any portion of the Trust estate and to retain property received by the trustees "without regard to diversification." *Id.* The Arbitration Provision, ¶ 1(c), conveys to the trustees the power "[t]o compromise, contest, *submit to arbitration* or settle all claims by or against, and all obligations of, the Trust estate or the Trustees[.]" *Id.* (emphasis added). The Trustee argues that this allows him to compel trust beneficiaries to arbitrate their dispute with him. We disagree.

We see no ambiguity in the Arbitration Provision. As one of a number of provisions of the Trust Declaration conveying power to the trustees, it simply provides them with a range of options in seeking to resolve a dispute involving the Trust. The

4

trustees need not concede every claim against the trust or litigate every dispute through a court verdict. They may decide to "compromise, contest, submit to arbitration or settle" any claim. But, contrary to the Trustee's view, they may not compel an adversary to do any of those things.

The language of the Arbitration Provision is adopted from Okla. Stat. tit. 60, § 175.24(A)(5), which provides that, absent "contrary or limiting provisions in the trust agreement or a subsequent order or decree of a court of competent jurisdiction," a trustee may "compromise, contest, arbitrate, or settle any and all claims of or against the trust estate or the trustee as such." Interpreting virtually identical language in a Texas statute, the Texas Court of Appeals said that the provision "merely provide[s] a full range of powers to a trustee that would allow the trustee to fully represent the interests of the trust." *Casillas v. Cano*, 79 S.W.3d 587, 589 (Tex. App. 2002). This language cannot reasonably be read as granting the trustees any power over other parties in disputes concerning the trust, nor could it. If a person injured on trust real estate brought a tort action against the Trust, the Trust Declaration could not compel him to arbitrate the dispute, *see Howsam*, 537 U.S. at 83 ("[A] party cannot be required to submit to arbitration any dispute which [she or] he has not agreed so to submit." (internal quotation marks omitted)), any more than it could compel him to compromise or settle the claim. By conveying the power to submit a claim to arbitration in the same sentence that it conveys the power to compromise or settle the claim, the Arbitration Provision implies that the powers are parallel, and that they concern the authority of the trustees to deal with other parties, not to dominate them.

5

The Trustee concedes that the language of § 175.24 is "permissive." Aplt. Br. at 21. But he points out that the Trust Declaration grants the trustees the power to exercise their authority in "their sole discretion," Aplt. App., Vol. 1 at 25, and contends that this additional language makes all the difference. But we fail to see how the sole-discretion language changes our conclusion. To say that the trustees "shall have power in their sole discretion" to submit a dispute to arbitration is to say that they cannot be prohibited from exercising discretion by any provision of the Trust Declaration or default provisions of state trust law. *See In re XTO Energy Inc.*, 471 S.W.3d 126, 131 (Tex. App. 2015) (describing discretionary powers as those that "a trustee may decide whether or not to exercise" without "interfere[nce] [from a court] except to prevent an abuse of discretion"). That is, to grant the trustees sole discretion is to say that no one can tell them whether to decide to arbitrate, etc. It does not mean that the trustees have absolute power to make others do their bidding.

The Trustee has not cited us, nor are we aware of, any precedent for construing similar language as conveying a power to compel arbitration. It may make sense for a trust declaration to include a provision requiring arbitration of all disputes between the trustees and the beneficiaries. But it would strain judicial imagination to construe the language of the Arbitration Provision as such a provision. It would make no sense to bury such a mandatory provision in a sentence that applies to all the trust's disputes, including ones with third parties who could hardly be bound by the Trust Declaration, and encompasses compromise and settlement, as well as arbitration. We therefore reject the Trustee's contention that the language of the Trust Declaration permits the trustees to

6

compel arbitration. *See* Okla. Stat. tit. 15, § 159 ("A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable and capable of being carried into effect, if it can be done without violating the intention of the parties.").

Finally, the Trustee contends that the "United States Supreme Court has already ruled that a permissive arbitration clause is a mandatory arbitration clause." Aplt. Br. at 23 (emphasis omitted). In support of this proposition he cites *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985); *Vaca v. Sipes*, 386 U.S. 171, 184 n.9 (1967); and *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965). But those cases stand for only a narrow (but very important) proposition of law in the particular context of collective-bargaining agreements between employers and labor unions, where the availability of compulsory arbitration has long been considered essential for labor peace. *See United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 578 (1960) ("In the commercial case, arbitration is the substitute for litigation. Here arbitration is the substitute for industrial strife."). When construing such contracts the Supreme Court has declared that courts should not construe language as providing an exemption from compulsory arbitration unless there is no other reasonable interpretation. *See Allis-Chalmers*, 471 U.S. at 204 n.1 ("The use of [a] permissive 'may' [in a collective-bargaining agreement] is not sufficient to overcome the presumption that parties are not free to avoid the contract's arbitration procedures."); *see also Republic Steel*, 379 U.S. at 657–58 (the general rule against allowing employees to sidestep a contractually agreed grievance scheme "would not of course preclude [the employee's] court suit if the parties to the collective bargaining agreement expressly agreed that arbitration was not the exclusive remedy").

7

We can think of absolutely no reason to apply to a trust dispute the special rules governing collective bargaining.

Thus, we hold that the Arbitration Provision only allows the Trustee to agree to resolve disputes through arbitration and does not empower him to compel others—even trust beneficiaries—to submit their disputes to arbitration. The Trustee cannot invoke the Arbitration Provision to compel Plaintiffs to arbitrate this dispute.

## II.    CONCLUSION

We **AFFIRM** the district court's order denying the motions to stay the court proceedings and to compel arbitration, and we **DENY** the motion to certify.

Entered for the Court


Harris L Hartz
Circuit Judge